IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yalan Song,<br><br>   Plaintiff,<br><br>  v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule "A",<br><br>   Defendants. | Case No. 24-CV-1618 |

## COMPLAINT

Plaintiff Yalan Song ("Song"), by and through her attorneys, The Law Offices of Konrad Sherinian, LLC, hereby brings the present action against the Partnerships and Unincorporated Associations (collectively, "Defendants") identified on Schedule A attached to the complaint and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, counterfeiting, false association, false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)(1)(A).

2. This Court has original subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a)-(b) (original jurisdiction for trademark claims).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and this Court may properly exercise personal jurisdiction over Defendants. Each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet stores operating under the seller aliases and online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Online Stores" and "Defendant Online Marketplaces"), as well as the shipment of products offered for sale on those Defendant Online Stores. Specifically, Defendants are involved in the production, listing for sale, sale, and/or shipping of products to Illinois residents that use infringing copies of Plaintiff's trademark. Defendants have committed and knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

4. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Song substantial injury in the State of Illinois. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this judicial district, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this judicial district.

## **NATURE OF THE CASE**

5. This lawsuit concerns Defendants' attempt to free ride on the reputation and goodwill of Song by selling and/or offering for sale counterfeit products in connection with Song's Bang Duo Fu trademarks, which are covered by U.S. Trademark Registration Nos. 7,149,424 (collective the "Bang Duo Fu Trademarks"). The registrations are valid and subsisting. The registrations for the Bang Duo Fu Trademarks constitute prima facie evidence of their validity and of Song's exclusive right to use the Bang Duo Fu Trademarks pursuant to 15 U.S.C. § 1057(b). Genuine and authentic copies of the U.S. federal trademark registration certificates for the Bang Duo Fu Trademarks are attached as Exhibit 1. The Bang Duo Fu Trademarks and a genuine product from Song that bears the Bang Duo Fu Trademarks are shown in the table below:

| Bang Duo Fu Trademarks of Registration Nos. 7,149,424 | Genuine product from Song that bears the Bang Duo Fu Trademarks |
|---|---|
|  | |

6.      The rapid increase of e-commerce sites and their ability to hide their true identities have made it nearly impossible for trademark policing actions to be undertaken. In the past, Song has availed herself of takedown procedures to remove infringing and counterfeit products from the third-party e-commerce platforms, such as Walmart.com and Amazon.com. However, these efforts have proved to be an unavailing game of whack-a-mole against the mass counterfeiting that is occurring over the Internet. The aggregated effect of the mass counterfeiting that is taking place has overwhelmed Song and her ability to police its rights against numerous anonymous defendants which are selling illegal counterfeits.

7.      To be able to offer the counterfeit products at a price substantially below the cost of original, while still being able to turn a profit after absorbing the cost of manufacturing, advertising and shipping requires an economy of scale only achievable through a cooperative effort throughout the supply chain.

8.      Defendants create and operate Internet online stores under one or more seller aliases that are advertising, offering for sale and selling infringing and counterfeit products bearing the Bang Duo Fu Trademarks to unaware consumers. Online stores operating under the seller aliases share unique identifiers, establishing a logical relationship between them and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more seller aliases to conceal their identities and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing and counterfeiting activities and protect unaware consumers from purchasing counterfeit products.

9. Various e-commerce platforms have made attempts to control counterfeiting on their respective platform. The China based e-commerce platform Alibaba has made public its efforts to reduce and prevent counterfeiting on its e-commerce sites.

10. However, the rapid growth of e-commerce as a method of marketing and supplying products to the general public exposes brand holders and creators that make significant investments in their products and brands to significant harm from counterfeiters. Song has been and continues to be irreparably harmed through consumer confusion, and loss of control over its reputation and good-will as well as the quality of goods bearing the Bang Duo Fu Trademarks.

11. Online counterfeiting has been and is harming not only the brand holders, but also the public as well.

12. Song's investigation shows that the telltale signs of an illegal counterfeiting ring are present in the instant action. For example, Schedule A shows the use of store aliases by the Defendant Online Stores that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Online Stores are using fake online storefronts designed to appear to be selling genuine products bearing the Bang Duo Fu Trademarks ("Song's Products"), while selling inferior imitations of Song's products. The Defendant Online Stores also share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great

lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Song is forced to file this action to combat Defendants' counterfeiting of Song's registered Bang Duo Fu Trademarks, as well as to protect unknowing consumers from purchasing unauthorized Bang Duo Fu products over the Internet.

13. Defendants are well aware of Song's Bang Duo Fu Trademarks and despite their awareness of Song's rights have decided to offer counterfeit products in an attempt to free-ride on Song's goodwill and reputation. Their use of the Bang Duo Fu Trademarks is intended to, and do, deceive consumers into believing that Song is affiliated with Defendants, and that Song has approved or endorsed the use of the valuable Bang Duo Fu Trademarks in connection with Defendants' online businesses and products.

14. Accordingly, and for the reasons set forth more fully below, Defendants are liable for, among other things, trademark infringement, counterfeiting, false association and false designation of origin, and unfair competition. Defendants should be enjoined from any further infringement and counterfeiting, and Song is entitled to damages in an amount to be determined at trial.

## **PARTIES**

15. Plaintiff Yalan Song is a Chinese national residing in the city of Jian, Jiangxi Province, China.

16. Song has been operating her own online stores marketing skin cream products using the Bang Duo Fu Trademarks for several years. She has exclusively used the Bang Duo Fu Trademarks for several years. Products sold under the Bang Duo Fu Trademarks are among the most popular skin care products offered online.

17. Song's brand, symbolized by the Bang Duo Fu Trademarks, is a recognized symbol of high-quality merchandise. The Bang Duo Fu Trademarks are distinctive and identify the merchandise as goods from Song. The registrations for the Bang Duo Fu Trademarks constitute prima facie evidence of their validity and of Song's exclusive right to use the Bang Duo Fu Trademarks pursuant to 15 U.S.C. § 1057 (b). The Bang Duo Fu Trademarks have been continuously used and never abandoned.

18. Song has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Bang Duo Fu Trademarks. As a result, products bearing the Bang Duo Fu Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Song.

19. Defendants are individuals or business entities who, upon information and belief, reside in foreign jurisdictions, such as the People's Republic of China. They own and/or operate fully interactive online stores under the seller aliases, listed on the attached Schule A, to conduct business activity throughout the entire United States via online promotion, offering for sale, and importation and distribution of infringing and counterfeit products bearing the Bang Duo Fu Trademarks. Defendants deceive unaware consumers by using the Bang Duo Fu Trademark without authorization or license from Song to use the Bang Duo Fu Trademarks. Each of the Defendants has targeted Illinois and this district by selling, offering to sell and/or knowingly assisting in the selling or offering to sell, the counterfeit products to Illinois consumers on Walmart.com and other e-commerce platforms.

20. On information and belief, Defendants, either individually or jointly, operate their online stores under the seller aliases identified in attached Schedule A. Defendants

appear to be an interrelated group of infringers operating under different seller aliases. Defendants' online stores share certain common design elements, the same or similar counterfeit products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, the same accepted currency of U.S. Dollar via PayPal and other well-known payment methods, the same or substantially similar check-out methods, and other similarities. Such similarities provide evidence to establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences. They also use various tactics to conceal their true identities and the complete scope of their illegal operation. Due to the tactics they deployed, it is virtually impossible for Plaintiff to ascertain Defendants' identities and their actual interworking. Song will amend the Complaint if and when Defendants' true identities become known to Song.

## **DEFENDANTS' UNLAWFUL CONDUCT**

21. The Bang Duo Fu brand's success in recent years has resulted in significant counterfeiting by Defendants. Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce platforms. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products bearing the Bang Duo Fu Trademarks to consumers within the United States, including the State of Illinois.

22. Defendants intentionally conceal their identities and the full scope of their counterfeiting operations on various e-commerce platforms in an effort to deter Song from

learning their true identities and the exact interworking of their illegal counterfeiting operations. Through their operation of the Defendant Online Stores, they are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged, often times as partners, co-conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit products violating Song's intellectual property rights.

23. On information and belief, at all times relevant hereto, Defendants, have had full knowledge of Song's ownership of the Bang Duo Fu Trademarks, including the exclusive right to use and license such intellectual property and the goodwill associated therewith. They often go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Online Stores. Defendant Online Stores also use privacy services to conceal the owners' identities and contact information. On information and belief, Defendants regularly create new websites and online marketplace accounts on various e-commerce platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Online Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, and the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down by the hosting e-commerce platforms.

24. The counterfeit products of the Bang Duo Fu Trademarks and offered for sale by the Defendant Online Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit Bang Duo Fu products were manufactured by

and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Online Stores also include other notable common features, including use of the same store name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate Search Engine Optimization (SEO) tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

25. Furthermore, Defendants in this action also use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new stores or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

26. Counterfeiters like Defendants in this case typically operate multiple credit card merchant accounts and third-party accounts, such as Walmart.com accounts, PayPal, Inc. ("PayPal") accounts and Payoneer Global Inc. ("Payoneer") accounts, behind layers of payment gateways so that they can continue operation in spite of Song's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal or similar accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs

from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

27. On information and belief, Defendants also deceive unknowing consumers by using the Bang Duo Fu Trademarks without authorization within the content, text, and/or meta tags of their online store websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Bang Duo Fu products. On information and belief, Defendants facilitate sales by designing the Defendant Online Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Bang Duo Fu products. Additionally, upon information and belief, Defendants use other unauthorized SEO tactics and social media spamming so that the Defendant Online Stores show up at or near the top of relevant search results and misdirect consumers searching for genuine Bang Duo Fu products. Further, Defendants utilize similar illegitimate SEO tactics to propel new Defendant Online Stores to the top of search results after others are shut down.

28. Defendants' use of the Bang Duo Fu Trademarks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the counterfeit products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Song. Defendants have manufactured, imported, distributed, offered for sale and sold counterfeit products using counterfeit versions of the Bang Duo Fu Trademarks and continue to do so. In addition, without authorization or license from Song, Defendants in this case have knowingly and willfully used and continue to use the Bang Duo Fu Trademarks in connection with the advertisement, offer for

sale and sale of the counterfeit products over the Internet. Song did not manufacture, inspect or package the counterfeit products and did not approve the counterfeit products for sale or distribution. The Defendant Online Stores offer shipping to the United States, including Illinois, the counterfeit products into the United States, including Illinois.

29. Unknowing consumers are deceived by Defendants' use of the Bang Duo Fu Trademarks without authorization within the content, text, and/or meta tags of the listings on infringing webstores in order to attract various search engines crawling the internet looking for websites relevant to consumer searches for Bang Duo Fu products and in consumer product searches within the webstores. On information and belief, Defendants will continue to register or acquire listings for the purpose of selling counterfeit goods that infringe upon the Bang Duo Fu Trademarks unless preliminarily and permanently enjoined.

30. Defendants' use of the Bang Duo Fu Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeiting Bang Duo Fu products, including the sale of counterfeit Bang Duo Fu products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Song.

### COUNT I
### TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114)

31. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

32. This is a trademark infringement action against Defendants based on the unauthorized use in commerce of counterfeiting imitations of the registered Bang Duo Fu

Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Bang Duo Fu Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Song's products provided under the Bang Duo Fu Trademarks.

33. Defendants have advertised, marketed, offered to sell, sold, distributed, and are still advertising, marketing, offering to sell, selling, and distributing counterfeit products in connection with the Bang Duo Fu Trademarks without Song's permission.

34. The U.S. Registrations for the Bang Duo Fu Trademarks, see Exhibit 1, are in full force and effect and are exclusively owned by Song. Upon information and belief, Defendants have knowledge of Song's rights in the Bang Duo Fu Trademarks, and are willfully infringing and intentionally using counterfeits of the Bang Duo Fu Trademarks. Defendants' willful, intentional and unauthorized use of the Bang Duo Fu Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

35. Defendants' online activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Song has no adequate remedy at law, and if Defendants' actions are not enjoined, Song will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Bang Duo Fu Trademarks.

37. The injuries and damages sustained by Song has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Bang Duo Fu products.

## COUNT II
## FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

38. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

39. Defendants' advertising, marketing, offering for sale, and sale of counterfeiting Bang Duo Fu products have created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Song or the origin, sponsorship, or approval of Defendants' counterfeit Bang Duo Fu products by Song.

40. By using the Bang Duo Fu Trademarks in connection with the sale of counterfeiting Bang Duo Fu products, Defendants has created and create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeiting Bang Duo Fu products.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeiting Bang Duo Fu products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Song has no adequate remedy at law and, if Defendants' actions are not enjoined, Song will continue to suffer irreparable harm to its reputation and the goodwill of the well-known Bang Duo Fu Trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using the Bang Duo Fu Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bang Duo Fu product or is not authorized by Plaintiff to be sold in connection with the Bang Duo Fu Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bang Duo Fu product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Bang Duo Fu Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' counterfeiting Bang Duo Fu products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Bang Duo Fu Trademarks and damaging Plaintiff's goodwill;

   e. otherwise competing unfairly with Plaintiff's in any manner;

   f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered or sale, and which bear any Plaintiff's trademarks, including the Bang Duo

Fu Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof; and

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Online Stores, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeiting Bang Duo Fu products;

2. That Defendants, within fourteen (14) days after service of judgment with notice of entry hereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through g, above;

3. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as, but not limited to, eBay, PayPal, WISH, Amazon, Alipay, Alibaba, AliExpress, Walmart, Wish.com, Etsy, DHgate, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google.com, Bing.com and Yahoo.com, web hosts or the Defendant Online Stores, and online marketplace account registrars, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeiting Bang Duo Fu products using the Bang Duo Fu Trademarks, including any accounts associated with the Defendants listed on Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeiting Bang Duo Fu products using the Bang Duo Fu Trademarks; and

  c. take all steps necessary to prevent links to the Defendant Online Stores identified on schedule A from displaying in search results, including, but not limited to, removing inks to the Defendant Online Stores from any search index;

4. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Bang Duo Fu Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 117(c)(2) of $2,000,000 for each and every use of the Bang Duo Fu Trademarks;

6. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7. Award any and all other relief that this Court deems just and proper.

                          Y<small>ALAN</small> S<small>ONG</small>

Date:   February 27, 2024         By:  /s/ Konrad Sherinian
                         An attorney for plaintiff

Attorneys for Plaintiff

Konrad Sherinian
E-Mail: ksherinian@sherinianlaw.net

17

Depeng Bi
E-Mail:  ebi@sherinianlaw.net
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone:  (630) 318-2606
Facsimile:  (630) 364-5825